### LONG v. IONIA PROBATE JUDGE.

DRAIN ASSESSMENT—APPEAL BY TOWNSHIP.

Under section 2 of chapter 5, Act No. 272, Pub. Acts 1899, providing that a township, when it conceives itself aggrieved by the assessment made by the drain commissioner, may appeal within 10 days, and that the supervisor of any township desiring to appeal may make the application for appeal, the supervisor is the proper person to determine whether the township conceives itself aggrieved and desires to appeal.

*Certiorari* to Ionia; Davis, J. Submitted March 18, 1902. (Calendar No. 19,178.) Decided April 8, 1902.

*Mandamus* by Isaiah Long, supervisor of the township of Campbell, to compel William O. Webster, judge of probate for the county of Ionia, to entertain an appeal from an assessment by the drain commissioner. From an order denying the writ, relator brings *certiorari*. Reversed.

*R. A. Hawley*, for relator.

*William O. Webster, in pro. per.*

PER CURIAM. During the summer of 1901 a county drain was established. Proceedings were taken for the purpose of apportioning assessments and letting contracts. September 3, 1901, the relator, as supervisor for his township, filed an application with the respondent for the purpose of having said assessment reviewed. The respondent was of the opinion that, until the township of which relator was supervisor had authorized the supervisor to take action, the supervisor could not take the appeal, and declined to grant the appeal. The sole question in this matter is, Can the supervisor of the township take the appeal provided for in section 2 of chapter 5 of Act No. 272 of the Public Acts of 1899, without the authority of the people of the township at a township meeting, and without the authority of the township board?

The statute now in force provides as follows:

"Any township or townships assessed a per cent. for benefits for the construction of any drain, that may conceive itself or themselves aggrieved by the assessment made by the county drain commissioner, may, within ten days after the date of review provided for in section 1 of this chapter, appeal therefrom as hereinafter provided. The supervisor of any township desiring to take such appeal shall make application to the probate court of the proper county for the appointment of a board of review."

The difficulty in determining the question rests solely in deciding who is the proper person or body to pass upon the question whether the township conceives itself aggrieved by the assessment made by the county drain commissioner, and upon the question whether the township desires to appeal therefrom.

Prior to the amendment of 1899 the statute read:

"Any township assessed a per cent. for benefits for the construction of any drain, which may conceive itself aggrieved by the assessment made by the county drain commissioner, may, within fifteen days after the day of review, as provided in section 1 of this chapter, appeal therefrom as hereinafter provided. The township board of any township desiring to take such appeal shall pass a

resolution to that effect, authorizing the supervisor, or, in his absence or inability to act, some other member of said board, to make application to the probate court of the proper county for the appointment of a board of review." 2 Comp. Laws, § 4353.

It would hardly be claimed that, under the statute as it then existed, a special election must be held before the appeal could be taken. We think it very significant that the legislature, by the amendment of 1899, should limit the time for taking the appeal from 15 days to 10 days, and, instead of requiring the appeal to be made by the township board, conferred that power upon the supervisor. In this connection it is well to call attention to the language of section 1, chapter 4, as to who shall appear for the township upon the review of the assessment by the county drain commissioner: "On such review the supervisor or commissioner of highways of any township may appear on behalf of such township." Section 2336, 1 Comp. Laws, also provides:

"The supervisor of each township shall be the agent for his township for the transaction of all legal business, by whom suits may be brought and defended, and upon whom all process against the township shall be served."

Taking all of these provisions of the statute into consideration, the changes made in the law by the amendment of 1899, and the fact that the 10-days time in which an appeal can be taken is not sufficient time in which to hold an election, we conclude the supervisor is by the statute made the agent of the township for the purpose named in the statute, and is authorized to take the appeal on the part of the township.

The judge of probate is instructed to entertain the appeal.

LONG, J., did not sit.